[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13623
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cr-00053-CEM-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICOLAS AGUILAR-VELAZQUEZ,
a.k.a. John Doe,
a.k.a. Nicolas Aguilar-Velasquez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 25, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Nicolas Aguilar-Velazquez appeals his 36-month sentence for illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326(a), (b)(1) imposed upon resentencing after we vacated and remanded his original sentence. On appeal, Aguilar-Velazquez argues that his sentence is: (1) procedurally unreasonable and violated his right to due process because the district court relied on unproven allegations in the presentence investigation report ("PSI") that he had three prior arrests for domestic violence to the exclusion of the other 18 U.S.C. § 3553(a) factors; and, (2) substantively unreasonable because the district court failed to consider mitigating factors and instead focused exclusively on his criminal history when weighing the § 3553(a) factors.

## I.

We typically review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). Where a defendant fails to clearly state the grounds for an objection in the district court, he waives the objection on appeal and plain error review applies. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). However, we have held that we will review the reasonableness of a sentence under the abuse-of-discretion standard so long as the defendant raised the objection at some point during the sentencing hearing. *See United States v. Overstreet*, 713 F.3d 627, 636 n.8 (11th Cir. 2013). The party challenging a sentence has the burden of showing that the

sentence is unreasonable.  *United States v. Barrington*, 648 F.3d 1178, 1204 (11th Cir. 2011).

To assess procedural reasonableness, we determine whether the district court committed any significant procedural error by, among other things, selecting a sentence based on clearly erroneous facts or failing to consider the 18 U.S.C. § 3553(a) factors.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  A district court is not required to state on the record that it has explicitly considered or discussed each § 3553(a) factor; rather, the district court's acknowledgment that it considered the § 3553(a) factors and the defendant's arguments is sufficient. *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009).  In assessing the § 3553(a) factors, a court may consider a defendant's background, character, and previous conduct in imposing a sentence and is permitted to attach "great weight" to one factor over others.  *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

"A defendant has a due process right . . . not to be sentenced based on false or unreliable information."  *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010); *see also* U.S.S.G. § 6A1.3(a) ("In resolving any dispute concerning a

3

factor important to the sentencing determination, the court may consider relevant information . . . provided that the information has sufficient indicia of reliability to support its probable accuracy.").  Due process also demands "that the defendant be given an opportunity to rebut factors that might enhance a sentence." *United States v. Castellanos*, 904 F.2d 1490, 1495 (11th Cir. 1990).  When a defendant claims that his due process rights were violated by the sentencing court's reliance on materially false information, the defendant must show that: (1) the challenged evidence is materially false or unreliable; and (2) it actually served as the basis for the sentence.  *Ghertler*, 605 F.3d at 1269.  The defendant bears the burden of showing that the court explicitly relied on the false or reliable information.  *Id.*

"Where a defendant objects to an allegation in a PSI and offers evidence at a sentencing hearing to rebut the basis for the allegation, courts may not simply accept a conclusion in the PSI without any evidentiary support." *United States v. Bernardine*, 73 F.3d 1078, 1082 (11th Cir. 1996).  However, in the absence of rebuttal evidence, we have upheld factual findings by the district court based on facts contained in the PSI.  *See United States v. Newsome*, 998 F.2d 1571, 1578 (11th Cir. 1993).

The district court did not err, plainly or otherwise, by relying on the PSI's factual statements regarding Aguilar-Velazquez's prior arrests for violence against women.  First, the court did not rely on Aguilar-Velazquez's criminal history to the

exclusion of the other § 3553(a) factors. Rather, the sentencing court expressly stated that it had considered all of the § 3553(a) factors and explicitly acknowledged Aguilar-Velazquez's mitigating arguments. Additionally, in considering Aguilar-Velazquez's background, character, and previous conduct, the sentencing court was permitted to attach greater weight to his criminal history, including his prior three arrests for violent acts against women. *See* 18 U.S.C. § 3661; *Shaw*, 560 F.3d at 1238.

Second, Aguilar-Velazquez failed to prove that the PSI's statements regarding those arrests were materially false or unreliable. He did not produce any evidence to rebut the PSI's allegations that he was arrested on three separate occasions for such violence, and in the absence of rebuttal evidence, the district court did not err in relying on the facts contained in the PSI. *See Newsome*, 998 F.2d at 1578. Further, the district court did not abuse its discretion in relying on these disputed allegations because the PSI's factual findings had a sufficient evidentiary foundation, namely, the police reports. Therefore, the district court neither procedurally erred nor violated Aguilar-Velazquez's right to due process when it relied on disputed facts in determining the appropriate sentence.

II.

After assessing a sentence for its procedural reasonableness, we examine whether the sentence is substantively reasonable under the totality of the circumstances and in light of the § 3553(a) factors.  *Cubero*, 754 F.3d at 892.

The district court must impose a sentence "sufficient, but not greater than necessary to comply with purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2).  The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1), (3)–(7).  "Although there is no proportionality principle in sentencing, a major variance from the advisory Sentencing Guidelines range does require a more significant justification than a minor one—the requirement is that the justification be sufficiently compelling to support the degree of the variance."  *United States v. Irey*, 612 F.3d 1160, 1196 (*en banc*) (quotation omitted).

6

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Under the deferential abuse-of-discretion standard, a district court imposes a substantively unreasonable sentence if it "(1) fails to afford consideration to relevant [§ 3553(a)] factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189. The sentence will be vacated "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotation marks omitted). That a sentence is significantly lower than the statutory maximum is an indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Aguilar-Velazquez's sentence is substantively reasonable. Although the 36-month sentence imposed was a significant upward variance from Aguilar-Velazquez's advisory guideline range of 15 to 21 months' imprisonment, the sentence met the goals encompassed within § 3553(a), and the district court had a sufficiently compelling justification to support the variance given Aguilar-Velazquez's criminal history. As discussed above, the district court did not consider his prior arrests for violence to the exclusion of the other § 3553(a)

7

factors, but rather listened to Aguilar-Velazquez's personal statement and mitigating arguments and expressly addressed several of the § 3553(a) factors. While the court found Aguilar-Velazquez's arrests involving women particularly troubling, it was entirely within its discretion to give more weight to his criminal history than to other factors.  Moreover, Aguilar-Velazquez's 36-month sentence was also well below the statutory maximum penalty of 10 years' imprisonment, suggesting substantive reasonableness.  *See Gonzalez*, 550 F.3d at 1324.  Aguilar-Velazquez's sentence falls well within the range of reasonableness. Therefore, the district court is

   **AFFIRMED.**